DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:10 CR 0205 - 001 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| GABRIEL COZBY, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

## I. INTRODUCTION

The defendant plead guilty to the three count indictment on June 10, 2010, and is awaiting sentencing. Counsel for the defendant has challenged the proposed guideline calculations. The court has indicated it would determine the guideline calculation first and then, following the calculation, give the defendant the opportunity to file for a downward variance.

The three counts in the indictment follow:

### Count 1

From on or about December 22, 2009 through on or about March 18, 2010, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, **GABRIEL COZBY**, did knowingly receive and distribute in interstate and foreign commerce, by computer, numerous computer files, which files contained visual depictions of real minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2); all in violation of 18 U.S.C. §2252(a)(2).

### Count 2

From on or about December 22, 2009 through on or about March 18, 2010, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, **GABRIEL COZBY**, did knowingly receive and distribute child pornography, as defined in 18 U.S.C. § 2256(8), that had been shipped and

(5:10 CR 205 - 001)

transported in interstate and foreign commerce, by computer; all in violation of 18 U.S.C. § 2252A(a)(2).

## Count 3

On or about March 18, 2010, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, **GABRIEL COZBY**, did knowingly possess computers and a cellular telephone, that contained child pornography, as defined in 18 U.S.C. §2256(8), which child pornography had been shipped and transported in interstate and foreign commerce, by any means including by computer, and which was produced using materials which had been shipped and transported in interstate or foreign commerce, including by computer; all in violation of 18 U.S.C. § 2252A(a)(5)(B).

The guideline calculation contained in the presentence report is attached hereto as Appendix 1 and calls for an adjusted offense level of 45 less a 3 level adjustment for acceptance of responsibility for a Total Offense Level of 42.  However, the maximum sentence that can be imposed upon the defendant is 20 years unless the court were to run the sentences in a consecutive fashion for the three counts.

Counsel for the defendant submitted a Sentencing Memorandum on September 14, 2010 and requested a sentence of 60 months in prison (the statutory mandatory minimum) as a sentence sufficient but not greater than necessary to achieve the statutory goals of sentencing.

In support of the defendant's position, his counsel advocates that the court should reject several of the proposed enhancements, "based in large part upon the makeup of U.S.S.G. § 2G2.2, and the manner in which Congress has affected the guideline, through either circumventing or trumping the authority and expertise of the Sentencing Commission, in direct conflict with the Commission's enabling legislation in 28 U.S.C. § 994, *et seq.*"

First, counsel for the defendant argues that the child pornography guidelines are

(5:10 CR 205 - 001)

inherently flawed and argues that the congress has "significantly interfered" with the Sentencing Commission in its effort to review and revise the guidelines through congressional directives -- directives the Commission *must* employ regardless of contrary empirical data, citing *United States v. Krueger*, 2009 WL 4164122 at *3 (E.D. Wis. Nov. 23, 2009).

As indicated in defendant's brief, the Sentencing Commission recently issued a report acknowledging the continual increase for sentencing for child pornography.  Since their introduction in 1987, the child pornography guidelines have undergone *nine amendments*, each time resulting in significantly increased guideline ranges and available enhancements.

As indicated in *The History of the Child Pornography Guidelines,* published by the United States Sentencing Commission in October of 2009, sentences under U.S.S.G. § 2G2.2 have had a high and increasing rate of downward departures and below-guidelines variances.

Footnote 33 in The History states:

> In fiscal year 2008, for offenders sentenced under §2G2.2, the non-government sponsored below-guideline rate was 35.7 percent, the government sponsored below-guideline rate was 8.5 percent, and the above-guideline rate was 2.0 percent.  2008 Sourcebook, Table 28.  By comparison, for all offenders, the non-government sponsored below-guideline rate was 13.4 percent, the government sponsored below-guideline rate was 25.6 percent, and the above-guideline rate was 1.5 percent.  2008 Sourcebook, Table N.  In fiscal year 2007, for offenders sentenced under §2G2.2, the non-government sponsored below-guideline rate was 27.2 percent, the government sponsored below-guideline rate was 7.0 percent, and the above-guideline rate was 2.4 percent.  2007 Sourcebook, Table 28.  By comparison, for all offenders, the non-government sponsored below-guideline rate was 12.0 percent, the government sponsored below-guideline rate was 25.6 percent, and the above-guideline rate was 1.5 percent.  2007 Sourcebook, Table N.

(5:10 CR 205 - 001)

The court has been sentencing defendants since 1982.  Until the adoption of the sentencing guidelines the court only needed to know the maximum sentence that could be imposed upon the defendant and as long as its sentence did not exceed the maximum sentence, the defendant had no remedy and there was no appellate review of judicial sentencing decisions.  Then in 1989 the new regimen of mandatory sentencing guidelines became operative and based upon the legislative judgment, that absent the guidelines sentences, great disparity would reign from district court to district court.  The concept of mandatory guideline sentencings disappeared with the *Booker* decision and the guidelines became advisory and the sentencing court was granted the power to vary in addition to the power to depart.  Into this mix came the congressional determination that child pornography sentences were too light and hence the nine amendments to increase the severity of the guideline calculation.

The separation of powers remains the guiding principle of our government.  The Congress has the power to legislate respecting sentencing consequences of criminal conduct.  The fact that the Congress created the Sentencing Commission did not deprive the Congress from supervising the Sentencing Commission which it has done more with child pornography than any other type of criminal conduct.  However, that fact standing alone does not assist the defendant.  Consequently, the court is of the view that the probation department has correctly calculated the application of the sentencing guidelines to the defendant's conduct including the significant number of enhancements that have been applied to the defendant's conduct.

(5:10 CR 205 - 001)

The court awaits the sentencing memorandum that it expects to receive from defendant's counsel advocating a downward variance from the maximum sentence of 240 months.

Against that background, the court announces a new sentencing date for the defendant on Tuesday, the 19th day of October, 2010 at 1:00 p.m..

IT IS SO ORDERED.

| | |
|---|---|
| October 4, 2010 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |